United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Karla Bakery Corp., Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-22823-Civ-Scola |
| ) | |
| Scottsdale Insurance Company, ) | |
| Defendant. ) | |

### Order Granting Motion to Amend Complaint

Plaintiff Karla Bakery Corp. seeks to recover from Defendant Scottsdale Insurance Company for damages it sustained when a motor vehicle drove through the front window of its bakery, causing extensive damage to the interior of its restaurant. According to the Bakery, Scottsdale acknowledges coverage for some, but not all, of the damages. The Bakery also maintains Scottsdale has refused to extend coverage to aspects of its claim that would appear to be recoverable from the driver and owner of the vehicle. The Bakery, therefore, would like to amend its complaint to add the driver and the owner as defendants in its lawsuit. (Pl.'s Mot., ECF No. 11.) Both of these putative defendants are alleged to be Florida citizens, like the Bakery. Scottsdale opposes the amendment, arguing (1) the Bakery's motion is procedurally deficient; and (2) if the driver and owner were to be joined in this action, the Court would be forced, in any event, to thereafter sever them from this case. (Def.'s Resp., ECF No. 12.) The Court does not find Scottsdale's position compelling and therefore, for the following reasons, **grants** the Bakery's motion (**ECF No. 11**).

In accordance with Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint may do so only with the opposing party's written consent or the court's leave. According to the rule, leave should be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1287 (11th Cir. 2003) (quotations omitted). "[L]eave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face." *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May

12, 2015) (Marra, J.) (citing *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980)). In order to deny leave to amend, the Court must identify a "justifying reason." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Scottsdale's opposition to the Bakery's amendment hinges on its contention that adding the driver and the owner of the vehicle "would make no sense and waste judicial resources." (Def.'s Resp. at 4.) This is so, Scottsdale reasons, because, upon joinder of these defendant tortfeasors, the Court would be forced, under Florida law, to sever them from this case.

In support of its position Scottsdale relies on a Florida statute that prevents a third party (not an insured) from suing an insurer until after that third party has obtained a settlement or verdict against the insurer's insured in the underlying action. Fla. Stat. § 627.4136(1). Here, in contrast, the Plaintiff—the Bakery—is the insured and the tortfeasors—the vehicle driver and owner—are not insureds under the relevant policy. The Court thus finds this statute, and the case law Scottsdale relies on interpreting it, inapplicable. In those cases, the courts' concerns related to jurors potentially presuming that a liability finding against a tortfeasor could ultimately be mitigated by that *tortfeasor's* insurer's covering some or all of a judgment against the tortfeasor. *E.g. Starr Indem. & Liab. Co. v. Morris,* 155 So. 3d 429, 431 (Fla. 3d DCA 2015) (noting that "[t]he legislative intent behind the nonjoinder statute is to ensure that the availability of insurance has no influence on the jury's determination of the *insured's* liability and damages") (original alteration omitted) (emphasis added); *Gen. Star Indem. Co. v. Boran Craig Barber Engel Const. Co., Inc.,* 895 So. 2d 1136, 1137 (Fla. 2d DCA 2005) (severing claims where the plaintiff sued both a tortfeasor and the tortfeasor's insurer; noting that "an injured person has no beneficial interest in the *wrongdoer's* liability policy until a judgment is entered against the insured"). Here, it is not the tortfeasor's insurer that is a defendant; but rather it is the Plaintiff's insurer, and only the Plaintiff's insurer, who is a defendant. The insurer here has declined to extend coverage to certain aspects of the Bakery's claim for damages. The Bakery claims that if the insurer prevails on that defense, the tortfeasors could, in turn, be found liable for those same, putatively uncovered damages. If the insurer is indeed found to be correct, and the policy does not cover those damages, the public-policy concerns relating to jurors is obviated: the instant policy would not be available to the tortfeasors themselves to cover any losses found to be attributable to them. Failing to sever the claims here would, thus, not defeat the legislative purpose of the statute. *See Choi v. Auto-Owners Ins. Co.,* 224 So. 3d 882, 883 (Fla. 2d DCA 2017) (finding Fla. Stat. section 627.4136(1) inapplicable where an insured sued both a tortfeasor (not an insured under the relevant policy) and the insured's insurer for the same damages).

Accordingly, without more, Scottsdale has not presented, nor is the Court otherwise aware of, a "substantial reason" why the Bakery should be denied leave to amend.[1] Allowing this amendment, however, raises another issue: under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Here, allowing amendment would destroy diversity jurisdiction as both the Bakery and the tortfeasors are alleged to be Florida citizens. Accordingly, the Court has no choice but to consider § 1447(e). *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) (a "district court ha[s] no discretion to add [a non-diverse defendant], retain jurisdiction and decide the case on the merits" but instead must either (1) deny joinder; or (2) permit joinder and remand the case back to state court).

In deciding whether to permit or deny joinder under § 1447(e), a court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In making this determination, a court should consider a variety of factors: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* There is nothing in the record that indicates the Bakery's intent upon adding the tortfeasors to this case was to defeat federal jurisdiction. Nor does the Court find that the Bakery was dilatory in joining the tortfeasors. But, certainly, if the Court were to deny the joinder, the Bakery would be disadvantaged by being forced to pursue its claims against Scottsdale and the tortfeasors in separate forums, resulting in duplicate litigation. Based on the Court's evaluation of the various factors at play, the Court will allow the joinder and therefore will remand this case back to state court upon the Bakery's filing of its amended complaint.

The Court therefore **grants** the Bakery's motion for leave to amend (**ECF No. 11**) and orders the Bakery to file its second amended complaint by **noon on July 3, 2019**. If it appears from the amended complaint that the Court lacks subject-matter jurisdiction, the Court will thereafter remand this case back to

---

[1] Scottsdale also submits the Bakery's motion to amend should be denied because the Bakery failed to comply with Local Rule 15.1 and Section 3I(1) of the CM/ECF Administrative Procedures. These rules, together, require a movant to attach any proposed amendment to its motion. Although the Bakery indeed failed to do so, it has since submitted the proposed amended complaint to the Court. (Pl.'s Reply, ECF No. 14, 4–11.) The Court thus finds any defect in the Bakery's motion sufficiently cured.

state court.

**Done and ordered** at Miami, Florida, on July 1, 2019.

_____
Robert N. Scola, Jr.
United States District Judge